REQUESTED BY: Senator Elroy M. Hefner Nebraska State Legislature 2011 State Capitol Lincoln, Nebraska 68509
Dear Senator Hefner:
You have asked our opinion as to the constitutionality of LB 444, and whether it conflicts with LB 169, enacted by the 1983 Legislature.
LB 444, a bill to adopt the Public Education Income Tax Act, would create a new income tax, the proceeds of which would be used for education. Section 5 of the bill provides that the rate of tax would be set by the State Board of Education pursuant to standards and procedures specified in that section. Your constitutional question is whether this is a proper delegation of legislative authority to raise taxes to the State Board of Education.
An almost identical question was answered in Andersonv. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967), in which a contention was made that there was an unconstitutional delegation of legislative power to the State Board of Equalization and Assessment in the original Sales and Income Tax Act, in that that board was given the power to set tax rates. The court pointed out that the act explicitly set out the computations to be made by the state board, and that, with such standards, the delegation of such power was valid and lawful, and did not violate the state or federal constitution. The fixing of the tax rate pursuant to Section 5 of LB 444 involves a simple computation using specified figures, and would not be an unconstitutional delegation under the principles of Anderson v. Tiemann.
You also point out that by the enactment of LB 169 in 1983 the Legislature took the authority to set income tax rates from the State Board of Equalization and Assessment, and assumed that authority itself. You ask whether there is a conflict. We conclude that there is not. LB 169 amended § 77-2715.01, which now provides that commencing in 1984 the Legislature shall annually set the rate of income tax imposedby § 77-2715 for the taxable year beginning in the subsequent calendar year. Since the tax to be imposed by LB 444 would not be imposed by § 77-2715, there is no conflict whatever.
You call our attention to the fact that Section 2(6) of LB 444 defines the public education income tax rate as the rate set by the State Department of Education pursuant to Section 5 of the act, while Section 5 provides that the rate shall be established by the State Board of Education. There is obviously a conflict which should be resolved. Article VII, Sections 2 and 3 of the Constitution creates the State Department of Education and the State Board of Education. They are not the same entity, since the State Department of Education is comprised of the State Board of Education and a Commissioner of Education.
We also call your attention to the fact that Section 7 provides that no school district shall receive any state aid, except from the public education income tax, unless the school district has a property tax levy which is at least as high as the average school property tax levy established pursuant to Section 6 of the act. However, Section 6 of the act contains no reference whatever to an average school property tax levy. This creates an area of ambiguity and uncertainty which should be resolved.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General